IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR499-133
)
LAMOND GARRETT, )
)
Defendant. )
)

**O R D E R**

Before the Court is Defendant Lamond Garrett's letter to the Court. (Doc. 794.) In this letter, Defendant requests that the Court reduce his sentence based on his progress and growth while incarcerated. (Id.) Accordingly, the Court construes his letter as a Motion to Reduce Sentence.

After careful review of Defendant's letter and the record in this case, the Court can find no grounds for relief. Defendant's conduct while incarcerated appears to be exemplary, which is commendable. However, the law does not empower this Court to reduce Defendant's sentence based on his conduct during incarceration.

In his letter, Defendant also references the so-called Holloway Doctrine. (Id. at 5-7.) Defendant contends that this doctrine recognizes a district court's inherent authority to reduce a previously imposed sentence, which that court considers unjust and disproportionately severe, by vacating one or more of

the convictions for which he received that sentence. See United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). However, the Eleventh Circuit Court of Appeals has recognized that outside of Federal Rule of Criminal Procedure 35 "there exists no 'inherent authority' for a district court to modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002). The ability for district courts to modify a sentence is limited by statute to only three circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)(1)) (internal citations omitted). None of these circumstances are present in this case. Accordingly, Defendant's construed Motion to Reduce Sentence must be **DENIED**.

SO ORDERED this 27th day of April 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA