IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA        *
                                *
v.                              *      CR 499-133-09
                                *
LAMOND GARRETT                  *
```

O R D E R

On July 24, 2024, the Court denied Defendant Lamond Garrett's motion for compassionate release. Presently, he has filed a motion for reconsideration. "[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

Here, Defendant presents no new evidence. Instead, he asserts the Court made two errors of law. First, he contends that the

Court overlooked United States v. Booker, 543 U.S. 220 (2005), in ruling that it had no discretion to sentence below the statutory minimums applicable to his homicide offenses. While Booker made the United States Sentencing Guidelines advisory, it did nothing to change the statutory minimums in this case. Accordingly, the Court did not commit error to conclude that it lacks discretion to alter the imposed sentence. Second, Defendant contends that he presented extraordinary and compelling reasons to reduce his sentence, relying upon the same arguments that the Court has already considered and rejected. Defendant does nothing to contravene the prior assessment of his proffered extraordinary and compelling reasons, and therefore, the Court will not alter its determination that he is not entitled to compassionate release.

Upon the foregoing, Defendant Garrett has not convinced the Court that its decision to deny compassionate release was wrongly reasoned or decided. His motion for reconsideration (doc. 880) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of August, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA